**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ALASTAIR DOMINIC MOTON, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:16-cv-02587-TWP-MPB |
| ALLEN LEINBENDER, | ) |
| Defendant. | ) |

**Entry Discussing Pending Motions and Dismissing Complaint**

**I.**

Plaintiff Alastair Dominic Moton's ("Mr. Moton") request to proceed *in forma pauperis* [dkt. 2] is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

**II.**

Mr. Moton's motion for summary judgment [dkt. 4] is **denied.** The motion is premature and does not establish that the plaintiff is entitled to judgment as a matter of law under Rule 56 of the Federal Rules of Civil Procedure.

**III.**

Mr. Moton's motion for change of venue states: "I have been having too many civil rights constitutional violations and I'm a mental patient and my mother just died." The plaintiff's motion does not state what would be a better venue for this action and it appears that the Southern District of Indiana, Indianapolis Division, is the most appropriate venue. The motion to change venue [dkt. 5] is **denied.**

**IV.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915(e). District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

As presented, Mr. Moton's Complaint fails to state a claim upon which relief can be granted. Mr. Moton's Complaint (Filing No. 1) alleges that on September 20, 2016, at 6:30 p.m., he was at the Speedway gas station located at 1640 E. Washington Street, Indianapolis Indiana. He went into the single person bathroom and locked the door to take "a number 2." After about 15-20 minutes he heard on knock on the door. Mr. Motion responded saying, "I'm in here." The person knocked again and said, "police." Mr. Motion said "okay." The officer knocked again and

2

Mr. Moton said, "I'm coming." Then the door was unlocked and opened. At that time, Mr. Motion had his shirt off, his pants were down, and was mad because of the invasion of privacy, harassment, pain and suffering, and mental anguish. The officer asked him what he was doing and he said, "taking a crap." The officer said, "with your shirt off?" and "this is not a wash up place." The officer then asked for his ID and Mr. Moton gave it to him. The officer ran his name and told him that a lady was driving past and said she saw a man walk into the gas station with a hood on and thought he was going to rob the place. Mr. Motion was told to leave without further incident.

The next day, Mr. Motion filed an incident report and he was later told that the officer did not make a report. Attached to the complaint is a dispatch search result which shows that an offer was dispatched to the Speedway gas station on September 20, 2016, at 6:22 p.m. The officer arrived at the gas station three minutes later and "closed" the run at 6:46 p.m. Mr. Motion seeks more than 90 million dollars. He alleges cruel and unusual punishment because while he "was in the bathroom taking a crap" the officer walked in on him, made him get off the toilet, put his shirt and pants up and leave. Mr. Morton asserts that he was discriminated against in a public place.

This situation is unfortunate for several reasons, but there is no plausible basis to conclude that the defendant, Indianapolis Metropolitan Police Officer Allen Leinbender, violated any of Mr. Moton's federally secured rights. Mr. Motion's interaction with the officer was brief, he was not taken into custody, nor was he charged with any crime. The officer was simply responding to a report of a suspicious person. The officer's interruption and intrusion of Mr. Moton was indeed rude, but as explained in the complaint, it was not unreasonable for him to check the public restroom space under the circumstances described.

For this reason, the Complaint is **dismissed for failure to state a claim upon which relief can be granted.**

**V.**

Mr. Moton shall have **through October 26, 2016,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.") Accordingly, Mr. Moton may file an amended complaint, or otherwise clarify or contest dismissal by the October 26, 2016 deadline. If no further pleadings are filed, this matter will be dismissed with prejudice.

**IT IS SO ORDERED.**

Date:  10/7/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALASTAIR DOMINIC MOTON
302 N. Hamilton
Indianapolis, IN 46201

4